IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

WILLIE LEE BRYANT                                                                                    PLAINTIFF

VS.                                                           CIVIL ACTION NO. 3:13cv800-DPJ-FKB

P.S. TUCKER, et al.                                                                                DEFENDANTS

## REPORT AND RECOMMENDATION

Plaintiff, a state prisoner, brought this action pursuant to 42 U.S.C. § 1983 alleging that prison officials failed to protect him from an assault by another inmate. Having considered Plaintiff's complaint and testimony at the omnibus hearing, the undersigned recommends that this action be dismissed as frivolous.

Plaintiff is housed at East Mississippi Correctional Facility (EMCF). He alleges that on August 14, 2013, inmate Felix Graham ran up to him and "stabbed" him in the head. Plaintiff was seen in the medical unit shortly thereafter, where his wound was cleaned. No other treatment was required.

In order to succeed on a failure-to-protect claim, an inmate must establish that prison officials were deliberately indifferent to a substantial risk of serious harm. *Johnson v. Johnson*, 385 F.3d 503 (5th Cir. 2004) (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). In the present case, Plaintiff admits that he had had no prior problems with Graham. He alleges no facts from which a fact-finder could infer that anyone at the prison could or should have known that Graham intended to harm Plaintiff. Although he alleges that P.S. Tucker, the tower officer, should have assisted him during the attack, it is obvious from Plaintiff's description of the attack that it happened quickly and unexpectedly. In short, Plaintiff has failed to allege any facts which, if true, would rise to

the level of deliberate indifference.

Plaintiff also attempts to hold Defendants liable because they allegedly covered up the attack.  However, when questioned on this point, Plaintiff was unable to support this claim with any specific facts.  In any event, this allegation fails to state a claim cognizable under § 1983.

For these reasons, the undersigned recommends that this action be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and count as a "strike."  The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court.  28 U.S.C. §636; Fed. R. Civ. P. 72(b); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Respectfully submitted, this the 27th day of August, 2014.

    /s/ F. Keith Ball  
    UNITED STATES MAGISTRATE JUDGE